# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ALFONSO BOLANOS, | Case No. 1:25-cv-00585-KES-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |
| v. | |
| LUIS GARNICA,[1] | |
| Respondent. | (ECF Nos. 7, 11) |
| | ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE RESPONDENT |

Petitioner Carlos Alfonso Bolanos is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the undersigned recommends granting Respondent's motion to dismiss and dismissing the first amended petition without prejudice based on Younger v. Harris, 401 U.S. 37 (1971).

## I.

## BACKGROUND

Petitioner was convicted of various sex crimes for which he was sentenced to serve multiple terms of life in prison without parole and multiple terms of life in prison with parole.

---

[1] Luis Garnica is the warden of Mule Creek State Prison, where Petitioner is currently housed. (ECF No. 11 at 1 n.1.) Accordingly, Luis Garnica is substituted as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

1

(LDs[2] 1, 2.) On January 26, 2023, the California Court of Appeal, Fifth Appellate District reversed the judgment on count 8, vacated the terms imposed on counts 4, 5, 6, and 7, and directed the trial court to enter judgment of acquittal on count 8 and pronounce judgment on counts 4, 5, 6, and 7 consistent with the opinion. The judgment was otherwise affirmed. (LD 2.) The California Supreme Court granted Petitioner's petition for review and on January 22, 2025, transferred the matter to the California Court of Appeal "with directions to vacate its decision and reconsider the cause in light of In re Vaquera (2024) 15 Cal.5th 706." (LD 4.) On March 24, 2025, the California Court of Appeal issued a second opinion with the same disposition. (LD 5.) A sentencing hearing was scheduled in the Madera County Superior Court for September 5, 2025, (LD 6), and it was rescheduled to October 31, 2025, (ECF No. 11 at 2[3]).

On May 19, 2025, Petitioner filed a petition for writ of habeas corpus in this Court. (ECF No. 1.) The Court granted Petitioner leave to amend the petition, and on August 27, 2025, Petitioner filed a first amended petition ("FAP"). (ECF Nos. 6, 7.) On October 24, 2025, Respondent filed a motion to dismiss the petition on abstention grounds. (ECF No. 11.) To date, no opposition or statement of non-opposition has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

In <u>Younger v. Harris</u>, the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution absent special or extraordinary circumstances. 401 U.S. at 45.

> We have articulated a four-part test to determine when *Younger* requires that federal courts abstain from adjudicating cases that would enjoin or risk interfering with pending state-court proceedings. "*Younger* abstention is appropriate when: (1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial

---

[2] "LD" refers to the documents lodged by Respondent. (ECF No. 12.)
[3] Page numbers refer to the ECF page numbers stamped at the top of the page.

proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations in original) (quoting *ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)).

Duke v. Gastelo, 64 F.4th 1088, 1094 (9th Cir. 2023). "Abstention is only appropriate when all four requirements are met." Id. The Court "must conduct the *Younger* analysis in light of the facts and circumstances existing at the time the federal action was filed." Id. at 1093 (internal quotation marks and citations omitted).

"But even where the *Younger* factors are satisfied, 'federal courts do not invoke it if there is a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" Bean v. Matteucci, 986 F.3d 1128, 1133 (9th Cir. 2021) (some internal quotation marks omitted) (quoting Arevalo v. Hennessy, 882 F.3d 763, 765–66 (9th Cir. 2018)). Extraordinary circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or situations "where irreparable injury can be shown." Brown v. Ahern, 676 F.3d 899, 903 (9th Cir. 2012) (internal quotation marks omitted) (quoting Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980)).

The question of whether a federal court should abstain from exercising jurisdiction over a habeas petition challenging a conviction when there is no final decision regarding the sentence has been addressed in Phillips v. Vasquez, 56 F.3d 1030 (9th Cir. 1995), and Edelbacher v. Calderon, 160 F.3d 582 (9th Cir. 1998). In Phillips, it had been fifteen years since Phillips "was convicted of murder and first sentenced to death, and ten years since the state supreme court affirmed his conviction and vacated his sentence." 56 F.3d at 1032. Phillips was resentenced to death and there was "no end in sight" or "indication that Phillips' appeal from his [re]sentence [would] be decided anytime in the near future." Id. at 1038, 1032. The Ninth Circuit held that "[i]n light of the extraordinary delay . . . Phillips may bring his habeas petition regarding the constitutionality of his conviction despite the fact that the state has not yet made a final ruling on his sentence." Id. at 1033. In Edelbacher, the Ninth Circuit held that "[w]hen there is a pending state penalty retrial and no unusual circumstances, we decline to depart from the general rule that

a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action." 160 F.3d at 582–83. In so holding, the Ninth Circuit emphasized the "narrow holding in Phillips," and found Phillips distinguishable "in several material respects":

> (1) a retrial of the penalty phase in state court is ongoing; (2) there is no assignment of the necessary capital or non-capital status in this case; (3) there are no "unusual circumstances" which might suggest that "no end is in sight" to the state court proceedings and (4) the delay in question is not attributable to an "ineffective" state process, but primarily to the extended proceedings relating to the guilt issue.

Edelbacher, 160 F.3d at 584.

Here, the Court finds that the instant matter is more akin to Edelbacher than Phillips. At the time the petition was filed, Petitioner's resentencing was pending, there are no unusual circumstances suggesting "no end is in sight" to the state court proceedings, and there has not been any extraordinary delay in the state court proceedings attributable to an ineffective state process. Accordingly, "we decline to depart from the general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action." Edelbacher, 160 F.3d at 583. See Washington v. Shirley, No. 1:21-cv-01504-JLT-SAB, 2022 WL 721669, at *1 (E.D. Cal. Feb. 4, 2022) (finding Younger abstention warranted where petitioner was awaiting a remand hearing in superior court), report and recommendation adopted, 2022 WL 1017894 (E.D. Cal. Apr. 5, 2022); Suares v. Johnson, No. CV 19-10555 MWF (PVC), 2020 WL 5665664, at *6 (C.D. Cal. June 11, 2020) (collecting cases), report and recommendation adopted, 2020 WL 5658713 (C.D. Cal. Sept. 22, 2020). As Petitioner had an ongoing resentencing in state court pending when he filed the FAP, the undersigned recommends finding that the FAP is premature and should be dismissed without prejudice.

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 11) be GRANTED; and

2. The first amended petition for writ of habeas corpus (ECF No. 7) be DISMISSED without prejudice based on Younger v. Harris, 401 U.S. 37 (1971).

Further, the Clerk of Court is DIRECTED to SUBSTITUTE Luis Garnica as Respondent in this matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 2, 2026**                      /s/ Erica P. Grosjean
                                                     UNITED STATES MAGISTRATE JUDGE